Battle, J.
 

 The only question presented on this appeal, is, whether the bequest to the
 
 feme
 
 plaintiff, of “three hundred dollars, or,,a negro girl worth that money,” contained in the will of the defendant’s testator, is to be paid immedi-
 
 *76
 
 sately, or to be postponed, as to the time of payment, until 'the death of the widow.
 

 , In the Court below, the decree was against the plaintiffs, ■upon what we conceive to have boon an erroneous construction of the will under which they claimed. The terms of the bequest import an immediate gift, and they are to be so-■construed, unless a contrary intent is apparent from other ¡parts of the will.
 

 The defendant contends, that such contrary intent docs «appear, from the clauses which immediately precede the one ¡under consideration, for the reason, that the first of those «clauses expressly postpones the bequest of the bed, furniture and chest, to the death of the widow; and the second, by a necessary implication, postpones the devise of the seventy acres of land to the same tíme, the land having, in a previous part of the will, been given to the widow for life, and that the clause in question, commencing with “I also .give and bequeath to the said Sarah Cobblar,” &c., must, by force of the word
 
 also,
 
 have the same construction. It is true, that, in the cases of Sherrill v. Echard, 7 Ired. 161, and Hyman v. Williams, 12 Ired. 92, the construction turned partly upon that word which was explained to mean “in like manner,” or “ in the same manner.” Sherrill r. Eciiard was shortly this. A testator devised to his wife, during her life or widowhood, all his estate, except what he should by his will otherwise dispose of. He then gave certain property to his children, to be theirVat his decease. Then comes this clause “ Also, at the decease of my wife, I give to my son GL, my man Stephen, and to my sonL., my man Charles. Also, I give and bequeath to my son L.
 
 W.
 
 all my lands, &c., (on which he had previously given his wife a life estate.) Also, unto my son L. W. I give my two boys Dick and David, with their
 
 motherHeld,
 
 that these negroes, last mentioned, did not pass immediately to L.
 
 W.,
 
 
 *77
 
 but only in remainder, after the death or marriage of the widow- In Hyman v. Williams, the bequest was substantially as follows: “ I leave to my wife Charity, one negro man Primus,” (and other negroes;) “also, she may take choice of any one of the negro girls belonging to my estate, which I may not give away,” &c., “and, at the death ©f my wife, the -negroes which I have loaned to my wife, and1 their increase, I want to be equally divided between my four ,grand-children,” A, B, C, and D. Held, that the wife took a life estate only in the negro girl selected by her, from those not given away- In the opinion delivered in each of 'these cases, the Court, while laying some stress -on the word “ also,” sought the aid of other dispositions in the will, to fix the construction, and thus, with the definitions “ in like manner,’’.and “in the same manner,” given to that word, they were enabled to reconcile one part of the will with another,.and give a consistent-exposition of the whole. But, if the same meaning be attadhed to the word “also,”in the will now before us, a directly contrary effect will be produced. Instead of enabling the expounder to give operation and effect to each and every clause of the will, it will compel a declaration of intestacy as rto a life estate in the bequest, which the plaintiffs are now claiming. In no part of the will is any ¡money given to the widow,,-either expressly by that designation, or by general terms. She cannot take a •life estate by implication,, in ¡the three hundred dollars, or in the negro girl, which that sum may punchase, because it appears from the case of White v. Green, 1 Ired. Eq. 45, and the authorities there cited, that the doctrine, that a gift by will to- A, after the death of B, is a gift for life to B, by implication, does not, under any circumstances, apply ,to personal chattels. If, then, the widow cannot take this be-quest for her life, ft is certain that n© one else can ; for, it is manifest, that it cannot form a part >of the fund given is. ¡the residuary clause.
 

 
 *78
 
 Any otker construction, then, than to hold it to be an immediate bequest to the
 
 feme
 
 plaintiff, will leave it as an un-disposed residue during the life of the widow, to be divided ■among the next of kin. .Such could never have been the intention of the testator, and we therefore adopt the only other admissible construction; to wit, that which makes it a present gift to the
 
 feme
 
 plaintiff.
 

 The decree given in the Court below must be reversed, and a decree be entered here for the plaintiff.
 

 Decree reversed.